IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PATRICIA FRENCH,
        Plaintiff,

v.                                         3:10-CV-2359-L-BK

ROULA M. ULAYYET,
        Defendant.

## FINDINGS, CONCLUSION, AND RECOMMENDATION

Pursuant to the district judge's standing order of reference (Doc. 11), this cause is before the undersigned for pretrial management. Defendant filed his Motion to Dismiss on January 10, 2011. (Doc. 12). Plaintiff was required to file her response, if she opposed the relief requested, by January 31, 2011, but she did not do so. *See* Local Rule 7.1(e) (establishing deadlines for filing responses to motions). On February 11, 2011, the undersigned warned Plaintiff that if she failed to respond to Defendant's motion, she risked dismissal of her case for failure to prosecute. (Doc. 14). The Court then gave Plaintiff until February 28, 2011, to respond to the Defendant's motion to dismiss if she is opposed to the dismissal of her case. *Id.*

Again, Plaintiff failed to respond. Instead, on February 28, 2011, she moved for a continuance so that she could attempt to retain counsel. (Doc. 15). The undersigned granted her an extension until March 18, 2011, to respond to Defendant's motion, but she has yet to respond. Accordingly, based on Plaintiff's failure to prosecute her case, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE.** *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127

(5th Cir. 1988) (noting that the district court has the inherent authority to dismiss an action *sua sponte* without motion by a defendant); FED. R. CIV. P. 41(b).

**SO RECOMMENDED** on March 24, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE