IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICIA FRENCH**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:10-CV-2359-L** |
| | § | |
| **ROULA M. ULAYYET**, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Plaintiff Patricia French ("Plaintiff"), proceeding *pro se*, filed a complaint against Defendant Roula M. Ulayyet ("Defendant") in this court on November 18, 2010. Plaintiff asserted a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. The case was referred to United States Magistrate Judge Renee Harris Toliver pursuant to the court's standing order of reference on December 27, 2010. On March 24, 2011, the magistrate judge entered her Findings, Conclusion, and Recommendation ("Report").

Magistrate Judge Toliver recommends that the court dismiss this action without prejudice for Plaintiff's failure to prosecute her case. On January 10, 2011, Defendant filed a motion to dismiss this action. Plaintiff never filed a response, despite the magistrate judge allowing her two extensions of time to do so. Specifically, the magistrate judge gave Plaintiff until March 18, 2011, to file a response to Defendant's motion to dismiss. On March 24, 2011, the magistrate judge entered her recommendation of dismissal without prejudice.

On April 5, 2011, Plaintiff filed a motion to appoint counsel. The court treats this as a timely filed objection to the magistrate judge's Report showing that Plaintiff does, in fact, wish to prosecute her case but requires the assistance of counsel to do so. The magistrate judge previously denied

without prejudice Plaintiff's first motion to appoint counsel on November 22, 2010, in part because Plaintiff had "not explained the efforts, if any, to obtain counsel. Nor does the motion show sufficient circumstances warranting the appointment of counsel." Mag. J.'s Nov. 22, 2010 Order 1. Plaintiff's April 5, 2011 motion to appoint counsel includes an attachment summarizing Plaintiff's unsuccessful efforts to obtain counsel and an attachment detailing the amount of her emergency unemployment compensation. The court believes that Plaintiff's renewed motion to appoint counsel addresses the deficiencies previously raised by the magistrate judge's November 22, 2010 order. The court therefore determines that it is appropriate for Magistrate Judge Toliver to make a ruling on the new motion and determine whether Plaintiff should be appointed counsel.

Having reviewed the filings, record, applicable law, and Report in this case, the court **determines** that the magistrate judge must rule on Plaintiff's pending motion to appoint counsel before it can properly make a decision concerning dismissal of this action. The magistrate judge's March 24, 2011 Report is therefore **moot**. The court **recommits** this matter to Magistrate Judge Toliver, and she shall enter a new or supplemental Findings, Conclusion and Recommendation as necessary after she makes her determination with respect to Plaintiff's April 5, 2011 motion to appoint counsel.

*The court hereby warns Plaintiff that she must follow the Federal Rules of Civil Procedure, the Local Civil Rules of this District, and the court and magistrate judge's orders. The court will not excuse repeated failure to follow court orders or applicable rules.*

**It is so ordered** this 11th day of April, 2011.

                                          Sam A. Lindsay
                                          United States District Judge