IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA FRENCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-2359-L-BK |
| | § | |
| ROULA M. ULAYYET, | § | |
| | § | |
| Defendant. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSION AND RECOMMENDATION**

Pursuant to the district judge's standing order of reference (Doc. 11), this cause was referred to the undersigned for pretrial management. The case is now back before the Court for a supplemental recommendation on Defendant's *Motion to Dismiss*. (Doc. 12). Plaintiff filed this action against her former employer, alleging employment discrimination based on her disability in violation of the Americans with Disabilities Act ("ADA"). (Doc. 1 at 2-3). Defendant filed a *Motion to Dismiss* pursuant to Federal Rule of Civil Procedure 12(b)(6) in January 2011, alleging that he was not an "employer" within the meaning of the ADA because, as found by the Equal Employment Opportunity Commission ("EEOC"), which dismissed Plaintiff's administrative claim, Defendant did not have the requisite number of employees (15) to be subject to the ADA. (Doc. 12 at 1-2). After Plaintiff repeatedly failed to respond to Defendant's motion, the undersigned recommended that her case be dismissed without prejudice for failure to prosecute. (Doc. 17).

Plaintiff then filed a motion seeking the appointment of counsel. (Doc. 18). The district judge construed that motion as a timely objection to this Court's recommendation that her case be dismissed for lack of prosecution. (Doc. 19 at 1-2). Accordingly, the district judge has asked the undersigned to (1) rule on the motion for appointment of counsel; and (2) enter a new or

supplemental recommendation on Defendant's *Motion to Dismiss* after ruling on Plaintiff's *Motion to Appoint Counsel*. (*Id.* at 2). In an order entered on this date, the Court has denied Plaintiff's *Motion to Appoint Counsel*. The undersigned further recommends that Plaintiff's complaint be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for Failure to state a claim.

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). The Court, in ruling on a motion to dismiss, should limit its review to the complaint and any documents referenced therein and attached thereto. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 340 (5th Cir. 2008); *Spivey v. Robertson*, 197 F,3d 772, 774 (5th Cir. 1999).

The ADA prohibits covered private employers from discriminating against a qualified individual with a disability regarding job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. *See* 42 U.S.C. § 12112(a). Under the ADA, the term "employer" is defined, in pertinent part, as a person engaged in an industry affecting commerce who has 15 or more employees. 42 U.S.C. § 12111(5)(A). This numerosity requirement is an element of an ADA claim and, if it is not satisfied, a case is properly the subject of a Rule 12(b)(6) motion to dismiss. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503, 507 (2006).

Defendant alleged in his *Motion to Dismiss* that he was not an "employer" within the meaning of the ADA because, as the EEOC found, he does not have the requisite number of employees. (Doc. 12 at 1-2); 42 U.S.C. § 12111(5)(A). This is supported by the EEOC documentation attached to Plaintiff's complaint. (Doc. 1 at 5); *Dorsey*, 540 F.3d at 340. Accordingly, it is recommended that the Court grant Defendant's *Motion to Dismiss* for Plaintiff's failure to state a claim. (Doc. 12); *Arbaugh*, 546 U.S. at 503, 507.

**SO RECOMMENDED** on April 14, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE